**In re John H. POMAVILLE, Debtor.**

**Bankruptcy No. 4–92–2600.**

United States Bankruptcy Court,
D. Minnesota.

June 16, 1995.

## ORDER REOPENING CASE AND WAIVING FILING FEE

ROBERT J. KRESSEL, Bankruptcy Judge.

This case is before the court on the application of Barbara G. Stuart, the United States Trustee, to reopen this case and waive the filing fee. Kathryn Page, Assistant United States Trustee, represents the United States Trustee.

In her application, the United States Trustee alleges that the debtor has an interest in an asset which he failed to list on his schedules. While I express no opinion on the truth of that allegation, it is certainly appropriate to reopen the case so that a trustee can be appointed to investigate.

The sole issue for the consideration of the court is whether or not the filing fee should be waived. In forwarding the application to the court for consideration, the clerk has indicated that the filing fee cannot be waived. The clerk bases his opinion on advice from the Administrative Office of the United States Courts.

Congress has prescribed certain fees to be collected in bankruptcy cases. That schedule is found in 28 U.S.C. § 1930 which lists specific fees prescribed by Congress, but also authorizes the Judicial Conference of the United States to prescribe additional fees. 28 U.S.C. § 1930(b). The Judicial Confer-

ence originally prescribed such a schedule of fees in March of 1979 effective on October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978. The schedule has been amended from time to time. Part of the schedule of fees is a paragraph entitled "Language to Clarify Reopened Bankruptcy Code Cases." That paragraph provides:

Filing fees prescribed by 28 U.S.C. § 1930(a) must be collected when a Bankruptcy Code case is reopened, unless the reopening is to correct an administrative error or for actions related to the debtor's discharge. If a Bankruptcy Code case is reopened for any other purpose, the appropriate fee to be charged is the same as the filing fee in effect for commencing a new case on the date of reopening.

28 U.S.C. § 1930.

Since this case is not being reopened to correct administrative error or for actions related to the debtor's discharge, ordinarily, a filing fee of $130.00 would be required.

The United States Trustee relies on the introductory paragraph to the Judicial Conference schedule of fees, which provides:

Following are fees to be charged for services to be performed by clerks of the bankruptcy courts. *No fees are to be charged for services rendered on behalf of the United States,* with the exception of those specifically prescribed in items 1, 5, and 23, or to bankruptcy administrators appointed under Public Law No. 99–554, § 302(d)(3)(I). No fees under this schedule shall be charged to federal agencies or programs which are funded from judiciary appropriations, including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A.

28 U.S.C. § 1930 (emphasis added).

The United States Trustee claims that she is exempt from paying the fee under the language that provides that "no fees are to be charged for services rendered on behalf of the United States. . . ." The Administrative Office opinion acknowledges that under some circumstances the United States Trustee qualifies for an exemption for fees, however, it argues that when the United States Trustee is acting as a trustee in a case pursuant to 28 U.S.C. § 586(a)(2), she is not acting in her capacity as an agent of the United States but rather in her capacity as a trustee and therefore is subject to payment of fees.

■ The United States Trustee is authorized under certain circumstances to serve as trustee in a Chapter 7 case. While ordinarily the United States Trustee appoints a person from the panel of private trustees which she has established pursuant to 28 U.S.C. § 586(a)(1) to serve as trustee in a case, 11 U.S.C. § 701(a)(1), the United States Trustee is required to serve as interim trustee if no member of the panel is willing to serve as the interim trustee. Such service is one of the statutory duties of a United States Trustee under 28 U.S.C. § 586(a)(2).[1]

This treatment of the United States Trustee as an officer of the United States as distinguished from her duty as a trustee in a case is supported by the definition of governmental unit in 11 U.S.C. § 101(27). The issue therefore boils down to whether or not, in making this application, the United States Trustee is serving as a trustee in a case. Obviously, this case has been closed. As part of the order closing the case on October 28, 1992, the trustee who was serving at that time was discharged. There is currently no trustee. The Bankruptcy Code itself is silent on the issue of appointment of a trustee when a case is reopened. However, Fed. R.Bankr.P. 5010 which deals generally with the subject of reopening provides in part:

In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

Fed.R.Bankr.P. 5010.

■ Thus, it may be that once the case is reopened, the United States Trustee will determine that a trustee is necessary, but will

---

1. Section 586(a)(2) provides that the United States Trustee shall "serve as and perform the duties of a trustee in a case under title 11 when required under title 11 to serve as trustee in such a case."

find that no one on the panel is willing to serve. In that case, she is authorized to and may serve as a trustee in the case.[2]

Thus, although there obviously is no other person serving as trustee in the case, that does not mean that the United States Trustee somehow is the trustee in all closed cases. I conclude that in filing her application to reopen this case, the United States Trustee is acting in her official capacity as a representative of the United States as authorized by Congress in 11 U.S.C. § 307[3] and is therefore exempted by the Judicial Conference Schedule of Fees from paying a filing fee.

THEREFORE, IT IS ORDERED:

1. This case is reopened.

2. Payment of the prescribed filing fee is waived.

---

**2.** The Bankruptcy Code and Rules are silent on how such a determination by the United States Trustee is evidenced and at what point her service as trustee in the case would commence.

**3.** Section 307 reads:

The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title. 11 U.S.C. § 307.